ORIGINAL

REISSUED FOR PUBLICATION

JAN 9 2017

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-1073V

(Filed: December 16, 2016)

FILED

DEC 16 2016

U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * *  * | |
| CRYSTAL TURNER, * | UNPUBLISHED |
| *on behalf of her minor child, C.R.,* * | |
| * | |
| Petitioner, * | Dismissal; Failure to Prosecute; Failure to Comply with Court Orders. |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * *  * | |

*Crystal Turner, Violet, LA, pro se.*
*Adriana Teitel, Esq., US Department of Justice, Washington, DC, for respondent.*

## DISMISSAL DECISION[1]

**Roth,** Special Master:

   On September 25, 2015, Crystal Turner ("Ms. Turner" or "petitioner"), by and through her counsel, Andrew Downing, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") on behalf of her minor child, C.R. Ms. Turner alleged that the measles-mumps-rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP #2"), pneumococcal conjugate ("PCV #1"), and influenza ("flu") vaccinations that C.R. received on September 27, 2012, caused him to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa.

suffer "a severe adverse reaction." *See* Amended Petition ("Am. Pet."), ECF No. 14.[3]  Both the initial Petition and the Amended Petition imply that C.R.'s alleged "severe adverse reaction" was the development of Type 1 diabetes. *Id., see also* Petition, ECF No. 1.

On June 3, 2016, Mr. Downing moved to be relieved as counsel.  After rendering a decision on his motion for interim attorney's fees and costs,[4] I granted his motion to withdraw on September 16, 2016, ECF No. 29.  Petitioner became a *pro se* litigant and was ordered to contact my chambers to schedule a status conference.  Petitioner did not comply with that or any other order.  Pursuant to Vaccine Rule 21(b), her case is **dismissed for failure to prosecute and failure to comply with court orders.**

## I. Factual History.

This case was one of three Fulminant Type 1 diabetes cases that Mr. Downing was pursuing.[5]  Although previous Type 1 diabetes cases had not been successful in the Program, Mr. Downing believed that C.R.'s case and two other cases were "distinguishable from the traditional" diabetes cases already adjudicated by special masters.  Petitioner's Reply to Motion for Interim Attorneys' Fees ("Reply"), ECF No. 18, at 7.

C.R. was born on June 9, 2010.  Petitioner's Exhibit ("Pet. Ex.") 2 at 1.  Petitioner was the single mother of four children and had no regular transportation available to her.  Pet. Ex. 1 at 1.  Neither C.R. nor his siblings had regular pediatric care.  *Id.*  When they were sick, they were taken to a local clinic.  *Id.*

According to petitioner, when Children's International Medical Group opened, she brought C.R. there for a check up on August 24, 2012.  Pet. Ex. 1 at 1.  C.R. was a little more than two years of age and noted to be "well developed, well nourished, playful/smiling."  Pet. Ex. 6 at 27.  Because C.R. had only received one vaccine in his lifetime, petitioner agreed to bring him once a month to receive his vaccinations in order to bring him up to date.  Pet. Ex. 1 at 1.

---

[3] The original Petition (ECF No. 1) only identified the flu vaccination as allegedly causal.

[4] My Decision Awarding Interim Attorneys' Fees and Costs contains a detailed factual and procedural history, and is incorporated by reference.  Decision, issued Aug. 11, 2016, ECF No. 27.

[5] Mr. Downing's other two Fulminant Type 1 diabetes cases were *Tait v. Sec'y of HHS* cases, Nos. 15-1414 and 15-1415.  Mr. Downing was retained in *Tait v. Sec'y of HHS* (15-1414) on April 10, 2015, Motion at Ex. A, and in *Tait v. Sec'y of HHS* (15-1415) in May of 2015.  Motion at Ex. A.  He filed Motions for Decisions Dismissing the Petition on February 12, 2016 in both cases and Motions for Attorney's Fees and Costs thereafter.  The *Tait* petitioners agreed to dismiss their claims, but Ms. Turner did not.

C.R. received vaccinations during his office visit on August 24, 2012. Thereafter, his mother brought him back every month to receive additional vaccinations. On September 27, 2012, C.R. received the allegedly causal MMR, DTaP #2, PCV #1, and flu vaccines. Pet. Ex. 6 at 24.[6] However, only the influenza vaccination received on September 27, 2012 was identified as allegedly causal in the Petition. *See* Pet., ECF No. 1; Am. Pet., ECF No. 14.

According to petitioner, prior to receiving the allegedly causal flu vaccination on September 27, 2012, C.R. had been an active child who rarely sat still. Pet. Ex. 1 at 2. Beginning in October or early November of 2012, however, she stated that her son became less active. Petitioner reported that C.R. had episodes of staring into space and not responding when spoken to. *Id.*

Between late December 2012 and January 2013, petitioner stated that C.R. was drinking more, became ill more often, and slept and cried a lot. Pet. Ex. 1 at 2. C.R.'s increased drinking caused frequent urination. In March of 2013, after a friend told her about Type 1 diabetes, petitioner made an appointment to have C.R.'s blood sugar levels tested. *Id.* However, before C.R.'s appointment, he had a night of inconsolable crying. *Id.* He awoke the next morning, March 27, 2013, with red cheeks and chapped lips that were changing color. *Id.* C.R. was taken to Children's Hospital in New Orleans where his blood sugar level registered at 912.[7] Pet. Ex. 4 at 244. C.R. was diagnosed with Type 1 diabetes, noted to be in diabetic ketoacidosis, and immediately put on an IV and administered insulin. Pet. Ex. 4 at 128, 132, 175.

## II. Procedural History.

After petitioner filed medical records and a Statement of Completion (*see* ECF Nos. 8-9), I held the initial status conference on November 3, 2015.[8] Following the conference, I ordered petitioner to file remaining medical records and an Amended Petition. Order, issued Nov. 3, 2015, ECF No. 13. Petitioner filed her Amended Petition on January 4, 2016, ECF No. 14. The Amended Petition was nearly identical to the original Petition, the only difference being that the Amended Petition included all of the vaccinations that C.R. received on September 27, 2012, rather than just the flu vaccine identified in the original Petition. Neither the original Petition nor the Amended Petition mentioned the vaccinations that C.R. received on October 29, 2012.

---

[6] On August 24, 2012 C.R. received hepatitis A ["Hep. A"], hepatitis B ["Hep. B"], diphtheria-tetanus-acellular pertussis ["DTaP"], haemophilus influenza type b ["HIB"], and inactivated polio vaccine ["IPV"] vaccines. On October 29, 2012, C.R. received Hep. B, DTaP #3, pneumococcal conjugate ["PCV"], IPV, varicella and flu vaccines. Pet. Ex. 2 at 2-3. None of these vaccinations are identified as allegedly causal in the Petition or the Amended Petition.

[7] In children, a random blood sugar value of more than 200 mg/dL suggests diabetes. The Mayo Clinic, "Type 1 diabetes in children: Tests and Diagnosis," http://www.mayoclinic.org/diseases-conditions/type-1-diabetes-in-children/basics/tests-diagnosis/con-20029197 (last visited December 15, 2016).

[8] This case was originally assigned to Chief Special Master Dorsey. It was reassigned to me on October 21, 2015.

Another status conference was held on February 24, 2016.  Mr. Downing informed the court that he had been unable to contact his client.  He was given 30 days to speak with Ms. Turner to explain how diabetes claims have been handled by other special masters and to decide how to proceed with the case.  Order, issued Feb. 25, 2016, ECF No. 15.

Petitioner did not file anything in response to my order.  On April 12, 2016, my law clerk sent petitioner's counsel an email inquiring about the missed deadline.  In response, petitioner's counsel stated that he intended to withdraw as counsel.  On April 18, 2016, petitioner's counsel filed a Motion for Interim Fees and Costs ("Motion for Fees").  Motion for Fees, ECF No. 16 (stricken on June 21, 2016).  Respondent filed her response on May 5, 2016 ("Response"), ECF No. 17, and petitioner filed a reply brief on May 19, 2016 ("Reply"), ECF No. 18.  Petitioner's counsel then filed a motion to supplement attorney fees ("Supplemental Motion") and a motion to withdraw on June 3, 2016.  ECF Nos. 20-21.  On June 20, 2016, respondent filed a response ("Supplemental Response") to petitioner's Supplemental Motion.  ECF No. 22.  Apparently, the documentation provided by petitioner in support of her Motion belonged to another case.  A motion to strike was filed on June 21, 2016.  ECF No. 23.  The original motion for fees was struck the same day.  Petitioner then filed a motion for fees, this time with the necessary documentation, on June 21, 2016.  ECF No. 24.  Respondent filed her Response on June 23, 2016.  ECF No. 23.  Petitioner filed her reply on June 23, 2016.  ECF No. 26.

On August 11, 2016, I issued my Decision on Interim Attorney Fees and Costs, ECF No. 27.  I summarized the factual and procedural history before ultimately concluding that counsel had had a reasonable basis to pursue the claim.  After judgment entered, I granted petitioner's counsel's Motion to Withdraw as Attorney.  Order, issued Sept. 16, 2016.

In granting Mr. Downing's Motion to Withdraw, this case became *pro se*.  I ordered the clerk of court to convert the case to paper filing and to send a copy of the order by certified mail to petitioner's address.  I also noted petitioner's email address and phone number.  Finally, I ordered petitioner to contact my chambers by October 31, 2016, to schedule a status conference.  I also provided the chambers telephone number.  Order, issued Sept. 16, 2016, ECF No. 29.

Petitioner failed to contact my chambers.  On November 4, 2016, my law clerk called petitioner at the telephone number provided.  Ms. Turner did not answer, and her voicemail was full.  My law clerk then sent her an email to the address provided, copying respondent's counsel, but received no response.  *See* Informal Communication (Remark), Nov. 4, 2016.  On November 15, 2016, my law clerk again attempted to contact petitioner.  This time, she was able to leave a voicemail.  *See* Informal Communication (Remark), Nov. 11, 2016.  Petitioner did not respond.

On November 17, 2016, I issued an Order to Show Cause instructing petitioner to contact chambers or otherwise show cause why her claim should not be dismissed for failure to prosecute by December 12, 2016.  Order to Show Cause, issued Nov. 17, 2016, ECF No. 30.  I informed petitioner that "[f]ailure to respond to this order, or any other orders, will result in immediate dismissal of this claim."  *Id.*  I again provided petitioner with chambers contact information.

Petitioner filed nothing in response to the Order to Show Cause. There is no indication that the order and accompanying forms were returned as undeliverable.

### III.  Dismissal for Failure to Prosecute and Failure to Comply with Court Orders.

Under Vaccine Rule 21(b), a claim may be dismissed "for failure of the petitioner to prosecute or comply with [the Vaccine Rules] or any order of the special master or the court." Vaccine Rule 21(b)(1).  *See also Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996).  I have emphasized that refusal to comply with court orders will result in the dismissal of Ms. Turner's claim.  *See* Order to Show Cause, issued Nov. 17, 2016, ECF No. 30.  Despite these warnings, petitioner has still failed to comply with court orders.  **Therefore, her claim is DISMISSED for failure to prosecute and for failure to comply with court orders.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Mindy Michaels Roth
Special Master

5